IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---

UNITED STATES OF AMERICA

v.                                                    No. 3:15-CR-044-D

FAHIM AHMED KHAN (14)

## PLEA AGREEMENT

Fahim Khan, the defendant, Mark Bennett, the defendant's attorney, and the United States of America (the government), agree as follows:

1.    **Rights of the defendant**:    Khan understands that he has the rights

   a.    to plead not guilty;

   b.    to have a trial by jury;

   c.    to have his guilt proven beyond a reasonable doubt;

   d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

   e.    against compelled self-incrimination.

2.    **Waiver of rights and plea of guilty**:    Khan waives these rights and pleads guilty to the offense alleged in Count One of the indictment, Conspiracy to Distribute a Controlled Substance, namely Oxycodone, in violation of 21 U.S.C. § 846, the penalty for which is found at 21 U.S.C. § 841(a)(1) and (b)(1)(C).    Khan understands the nature and elements of the crime to which he is pleading guilty and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.    **Sentence:**   The maximum penalties the Court can impose are:

    a.    imprisonment for a period of no more than 20 years;

    b.    a fine not to exceed $1,000,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not less than three years, which is mandatory under the law and will follow any term of imprisonment. If Khan violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which is mandatory under the law and which Khan agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f.    costs of incarceration and supervision;

    g.    denial of any or all "federal benefits" as defined in 21 U.S.C. § 862(d) for a period of up to five years upon conviction of an offense involving distribution of a controlled substance, which is in the discretion of the Court; and

    h.    forfeiture of property.

4.    **Possible immigration consequences:**   Khan recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which Khan is pleading guilty.   Removal and other immigration consequences are the subject of a separate proceeding, however, and Khan understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status.   Khan nevertheless affirms that he

wants to plead guilty regardless of any immigration consequences that his plea of guilty may entail, even if the consequence is his automatic removal from the United States.

5.      **Court's sentencing discretion and role of the Guidelines**:   Khan understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines ("Guidelines").   The Guidelines are not binding on the Court but are advisory only.   Khan has reviewed the Guidelines with his attorney but understands no one can predict with certainty the outcome of the Court's consideration of the Guidelines in this case.   Khan fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

6.      **Defendant's agreement**:   Khan shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Khan shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.   Khan expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court.   Khan fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately.   In the event the Court imposes a schedule for payment of restitution, Khan agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means

by which to satisfy defendant's full and immediately enforceable financial obligation.

Khan understands that he has a continuing obligation to pay in full as soon as possible any

financial obligation imposed by the court.

      7.    **Forfeiture of property:**  Khan agrees not to contest, challenge, or appeal in

any way the administrative or judicial (civil or criminal) forfeiture to the United States of

any property noted as subject to forfeiture in the indictment and any bills of particulars, or

seized or restrained by law enforcement officers during the investigation related to this

criminal cause.  Khan consents to entry of any orders or declarations of forfeiture

regarding all such property and waives any requirements (including notice of forfeiture) set

out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11 and 32.2 of the Federal Rules of Criminal Procedure.   Khan

agrees to provide truthful information and evidence necessary for the government to forfeit

such property.   Khan agrees to hold the government, its officers, agents, and employees

harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or

disposal of such property.

      8.    **Government's agreement:**  The government will not bring any additional

charges against Khan based upon the conduct underlying and related to his plea of guilty.

The government will dismiss, after sentencing, any remaining charges in the pending

indictment.   The government will file a Supplement in this case, as is routinely done in

every case, even though there may or may not be any additional terms.   This agreement

is limited to the United States Attorney's Office for the Northern District of Texas and

does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Khan or any property.

9.     **Violation of agreement**:   Khan understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Khan for all offenses of which it has knowledge.   In such event, Khan waives any objections based upon delay in prosecution.   If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Khan also waives objection to the use against him of any information or statements he has provided to the government and any resulting leads.

10.     **Voluntary plea**:   This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.

11.     **Waiver of right to appeal or otherwise challenge sentence**:   Khan waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence.   He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.   Khan, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12.   **Representation of counsel**:   Khan has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.   Khan has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Khan has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

[nothing further on this page]

AGREED TO AND SIGNED this 1<sup>4th</sup> day of _April_ ,2015.


_____
FAHIM KHAN
Defendant


_____
MARK BENNETT
Attorney for Defendant


JOHN R. PARKER
INTERIM UNITED STATES ATTORNEY

_____
MARY F. WALTERS
Assistant United States Attorney
Texas Bar No. 24003138
1100 Commerce Street, Third Floor
Dallas, Texas   75242-1699
Tel:   214.659.8600
Fax:   214.659.8803
Email: mary.walters@usdoj.gov


_____
RICK CALVERT
Deputy Criminal Chief

## CERTIFICATION

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____          3/7/16
FAHIM KHAN                          Date
Defendant

I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          3-29.16
MARK BENNETT                        Date
Attorney for Defendant

Plea Agreement - Page 8