UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

## Petition for Person Under Supervision

| | | | |
|---|---|---|---|
| Person Under Supervision: | Fahim Ahmed Khan | Case No.: | 3:15-CR-00044-D(14) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sidney A. Fitzwater | | |
| Date of Original Sentence: | June 30, 2017 | | |
| Original Offense: | Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C), a Class C felony | | |
| Original Sentence: | 51 months custody, 3-year term of supervised release | | |
| Revocations: | None | | |
| Detainers: | None | | |
| U.S. Marshals No.: | 84798-379 | | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | May 24, 2021 |
| Assistant U.S. Attorney: | Mary F. Walters & Lea A. Carlisle | Defense Attorney: | Mark Bennett |
| | | | (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes that the person under supervision violated the following conditions:

### Previous Court Notifications

On March 3, 2022, the Court was notified (via 12A petition) that Mr. Fahim Ahmed Khan was arrested on February 9, 2022, for Assault Causes Bodily Injury to a Family Member, in violation of Texas Penal Code § 22.01(a)(1), a Class A misdemeanor. The United States Probation Office in the Southern District of Texas, Houston Division requested no court action be taken and the Court agreed with their recommendation.

I.

### Violation of Mandatory Condition No. 1

You must not commit another federal, state or local crime.

### Nature of Noncompliance

On October 1, 2021, in Houston, Texas, Fahim Ahmed Khan violated this condition of supervised release when he assaulted his stepson (minor victim identified as M.A.-age 15), as evidenced by the Houston Police Department (HPD) incident report no. 1637282-21 and his arrest for the offense of Assault Causes Bodily Injury to a Family Member, in violation of Texas Penal Code § 22.01(a)(1), a Class A misdemeanor on February 9, 2022. According to the Criminal Complaint, on or about October 1, 2021, Mr. Khan was

sitting on the couch with his stepson (minor victim identified as M.A.-age 15) when he began showing him videos of women getting their clothes ripped off and being beaten. Moreover, his stepson stated that Mr. Khan showed him another video of another woman being beheaded. The complaint noted Mr. Khan then told the minor victim this would happen to him and his mother if he did not do what he wanted. Mr. Khan then placed his hands on the victim's upper thigh, his lower back and then started rubbing his hand towards his butt. The victim reportedly pushed Mr. Khan's hand off and was then punched by Mr. Khan multiple times in the face causing his lip to split open.

On February 9, 2022, Mr. Khan was arrested and subsequently released after he posted a $500 personal bond. In addition, Mr. Khan was issued a protective order prohibiting him from residing in the same residence as the victim.

## II.

### Violation of Mandatory Condition No. 1

You must not commit another federal, state or local crime.

### Nature of Noncompliance

On October 27, 2021, in Houston, Texas, Fahim Ahmed Kham violated this condition of supervised release when he sexually assaulted his wife, (victim identified as A.S.), as evidenced by the HPD's offense report no. 1637282-21 and his arrest for the offense of Sexual Assault (two (2) counts), in violation of Texas Penal Code § 21.14 on April 27, 2022. According to the investigation report from December 7, 2021, the victim A.S. reported that after legally marrying Mr. Khan on October 5, 2021, he became extremely violent to her and her son, whom is not his biological son. Victim A.S. reported that about a week before they got married the suspect asked her to come into the living room where he pulled off her pants and sexually assaulted her causing a lot of pain and bleeding. In addition, victim A.S. stated Mr. Khan physically and sexually assaulted her and locked her in their room for two (2) days. Victim A.S. stated that during the time period of one the sexual assaults she was fasting in observance of her religion and therefore no sexual activity could be done even if they were married. Victim A.S. stated Mr. Khan became violent at her because he wanted sex and she said no, because she was fasting. The victim indicated that Mr. Khan did not care and forced her to have sex at least four (4) times that day. The victim stated during the time she refused sex from Mr. Khan he would show her videos of how females were killed for refusing to have sex.

On May 4, 2022, Mr. Khan posted a $50,000 bond and was placed on pretrial supervision with additional conditions to include; no contact with the victim, A.S., GPS monitoring, and curfew. As of this writing, the next court hearing for this case is scheduled for August 2, 2022.

### Personal History

Mr. Fahim Ahmed Khan's supervised release term commenced in the Southern District of Texas, Houston Division, on May 24, 2021. Mr. Khan was able to secure employment on September 2, 2021, when he obtained employment at A M Mini Market earning $3,466.66 a month. Initially, Mr. Khan was residing with a friend and later moved into an apartment with his wife, A.S. It has been reported by the victim, that they met through a dating/marriage website for the Middle Eastern culture. Mr. Khan reportedly lied about his age, occupation (doctor), supervised release status, and custody sentence.

During October 2021, Mr. Khan had contact with law enforcement on two occasions. On October 1, 2021, he assaulted his stepson, (minor victim identified as M.A.-age 15) by punching him multiple times in the face. On October 27, 2021, Mr. Kham sexually assaulted his wife, A.S., while in their then home, on at least two occasions.

On April 26, 2022, HPD officers executed a warrant at Mr. Khan's apartment. At the time of arrest, Mr. Khan was hiding in his apartment with suitcases packed with his clothes. Prior to entering the residence, his roommate, Ejas Malik, who was in the apartment told police officers that Mr. Khan was not in the home. Mr. Malik was subsequently arrested and charged with Hindering Apprehension. Mr. Khan has ties to Pakistan and has previously made a request to travel for a month to his officer before being arrested for the new offenses committed.

Mr. Khan has been charged with two new law violations during this term of supervised release. Based on the seriousness of those charges and circumstances when he was arrested which indicate that he is a danger to the community and poses a serious risk of flight, the U.S. Probation Office respectfully recommends the issuance of a warrant.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Not applicable. |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | A | USSG § 7B1.1(a)(1) & 7B1.3(a)(1), p.s. |
| **Criminal History Category:** | I | USSG §7B1.4(a), p.s. |
| **Imprisonment Range:** | 12 to 18 months | USSG §7B1.4(a), p.s. |
| **Fine:** | None | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 6, 2022
Respectfully submitted,                                  Approved,

*Viki Sanchez* (signature)                               *Bruno Perez* (signature)

Viki Sanchez                                             Bruno Perez
U.S. Probation Officer                                   Supervising U.S. Probation Officer
Arlington, Texas                                         Phone: 214-753-2537
Phone: 817-505-1721

**Order of the Court:**

☐  No action.

☒  The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐  The Issuance of a Summons

☐  Other or Additional: _____

☐  File under seal until further order of the Court.

*Sidney A. Fitzwater* (signature)

The Honorable Sidney A. Fitzwater
Senior U.S. District Judge

June 7, 2022
Date