## UNITED STATES DISTRICT COURT
for
### NORTHERN DISTRICT OF TEXAS

# Request for Modifying the Conditions or Term of Supervision
# With Consent of the Person Under Supervision
*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Person Under Supervision: | Fahim Ahmed Khan     Case No.:   3:15-CR-00044-D(14) |
| Name of Sentencing Judge: | Senior U.S. District Judge Sidney A. Fitzwater |
| Date of Original Sentence: | June 30, 2017 |
| Original Offense: | Conspiracy to Distribute a Controlled Substance, 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(C), a Class C felony |
| Original Sentence: | 51 months custody, 3-year term of supervised release |
| Revocations: | None |
| Type of Supervision: | Supervised Release    Date Supervision Commenced:   May 24, 2021 |
| Assistant U.S. Attorney: | Mary F. Walters    Defense Attorney: Doug Morris |
| | (Court appointed) |

## Petitioning The Court As Follows:

To add to the conditions of supervision with the consent of the person under supervision as follows:

The defendant must surrender any passport to the U.S. Probation and Pretrial Office.

The defendant must not obtain a passport or other international travel document, without permission from the court.

The defendant shall not leave the Southern District of Texas without prior permission of the probation officer.

Without prior permission of the probation officer, the defendant shall have no contact with persons under the age of 18, including by correspondence, telephone, Internet, electronic communication, or through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children may frequent congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate, without prior permission of the probation officer. Furthermore, the defendant shall not date or befriend anyone who has children under the age of 18, without prior permission of the probation officer.

The defendant shall neither possess nor have under his/her control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

Fahim Ahmed Khan
Request for Modification of Domain and Conditions
Case 3:15-cr-00044-D Document 1298  Filed 07/27/22  Page 2 of 8  PageID 5360

The defendant shall have no contact with the victim(s); specifically, Asma Shaukat and M.A., a minor, including by correspondence, telephone, or communication through third parties, except under circumstances approved in advance by the probation officer. The defendant shall not enter onto the premises, travel past, or loiter near the victim's residence, place of employment, or other places frequented by the victim.

The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month.

(i)     The defendant shall consent to the probation officer conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems which allows evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in anyway. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software maybe disabled or removed at any time during the term of supervision at the discretion of the probation officer.

(ii)    The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet-capable device performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

(iii)   The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

(iv)    The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

(v)     The defendant shall not maintain or create a user account on any social networking site (i.e., TikTok, Instagram, MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows chat conversations, or instant messaging.

(vi)    The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo, or similar device without permission of the Court.

(vii)   The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

(viii)  The defendant shall not access any service or use any software which allows for direct peer to peer contact which may include chat rooms, file sharing, or other similar activity without permission from the probation officer.

Fahim Ahmed Khan
Request to Modify Conditions or Form of Supervision
Case 3:15-cr-00044-D   Document 1298   Filed 07/27/22   Page 3 of 8   PageID 5361

(ix)     The defendant shall not use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular digital telephones.

(x)      The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

(xi)     The defendant shall be required to log into his authorized computer using and assigned under name (true name) and biometric user authentication.

(xii)    The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his employer in the performance of his/her job-related duties.

(xiii)   The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias.

The participant shall be monitored by the form of location monitoring indicated below until the state cases are resolved, and/or the district court lifts the restriction, and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program.

☐ Location monitoring technology at the discretion of the officer
☐ RF Monitoring
☒ GPS Monitoring
☐ Voice Recognition

This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (The Court must impose one of these components):

☐ You are restricted to your residence every day from _____ p.m. to _____ a.m. or ☐ as directed by the supervising officer (curfew).

☒ You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

☐ You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the court (home incarceration).

## Cause

Mr. Fahim Ahmed Khan's supervised release term commenced in the Southern District of Texas, Houston Division, on May 24, 2021. Initially, Mr. Khan resided with a friend and later moved into an apartment with his wife, Asma Shaukat. Ms. Asma Shaukat reported she met Mr. Khan through a dating/marriage website for the Middle Eastern culture. Mr. Khan reportedly lied about his age, occupation (doctor), supervised release status, and custody sentence.

Fahim Ahmed Khan
Request to Modify Conditions of Probation or Supervised Release
Case 3:15-cr-00044-D Document 1298 Filed 07/27/22 Page 4 of 8 PageID 5362

On February 9, 2022, Mr. Khan was arrested for Assault Causes Bodily Injury to a Family Member, Case No. 239293401010. He was released on a $500 personal bond the same day. According to the Complaint, on or about October 1, 2021, Mr. Khan assaulted his stepson, (minor victim identified as M.A.-age 15) by punching him multiple times in the face. On February 9, 2022, Mr. Khan was placed on pretrial supervision and was provided with bond conditions from the Harris County Court at Law No. 1, Harris County, Texas. As of this date, Mr. Khan's misdemeanor assault case remains pending.

After the conduct alleged in Case No. 239293401010, in or around October 2021, Mr. Khan sexually assaulted his wife, Asma Shaukat, while in their home, on at least two occasions. On April 27, 2022, Houston Police Department (HPD) officers executed a warrant at Mr. Khan's apartment. At the time of arrest, Mr. Khan was hiding in his apartment with suitcases packed with his clothes. Prior to entering the residence, his roommate, Ejas Malik, who was in the apartment told police officers that Mr. Khan was not in the home. Mr. Mallik was subsequently arrested and charged with Hindering Apprehension. Mr. Khan has ties to Pakistan and previously requested month-long travel to Pakistan before being arrested for the new offense.

On March 25, 2022, two counts of Sexual Assault were filed with the Harris County District Clerk's Office. On April 27, 2022, Mr. Khan was placed on pretrial supervision and was provided with bond conditions from the 28th District Court of Harris County, Texas. Mr. Khan's pretrial supervision includes location monitoring (curfew) and his next court hearing for the Sexual Assault, Case No. 176398001010, is scheduled for August 2, 2022.

On June 6, 2022, Your Honor was notified of the new law violations and an arrest warrant was signed. On June 10, 2022, Mr. Khan was arrested on the federal warrant and taken before the Honorable Dena Hanovice Palermo, U.S. Magistrate Judge, for his initial appearance and was detained. On July 6, 2022, Mr. Khan was taken before the Honorable Irma C. Ramirez, U.S. Magistrate Judge, for his initial appearance and was detained. He remains in federal custody.

Mr. Khan's supervised release term is scheduled to expire on May 23, 2024. The U.S. Probation Office respectfully recommends modifying the conditions of supervised release to include conditions to address the conduct behavior, rescind the warrant issued on June 7, 2022, and await disposition in the pending state cases. These conditions have been discussed and reviewed with counsels for the government and the defendant. U.S. Probation will monitor the status of the pending cases and provide information to the Court accordingly.

I declare under penalty of perjury that
the foregoing is true and correct.

Executed on July 27, 2022
Respectfully submitted,                          Approved,

s/Viki Sanchez                                   s/Jennifer Morris
_____                          _____
U.S. Probation Officer                           Supervising U.S. Probation Officer
Arlington, Texas                                 Phone:  214-753-2485
Phone:  817-505-1721

---

**Order of the Court:**

☐    No Action

☐    The extension of supervision as noted above.

☒    To add to the conditions of supervision.

The defendant must surrender any passport to the U.S. Probation and Pretrial Office.

The defendant must not obtain a passport or other international travel document, without permission from the court.

The defendant shall not leave the Southern District of Texas without prior permission of the probation officer.

Without prior permission of the probation officer, the defendant shall have no contact with persons under the age of 18, including by correspondence, telephone, Internet, electronic communication, or through third parties. The defendant shall not have access to or loiter near school grounds, parks, arcades, playgrounds, amusement parks, or other places where children may frequent congregate. The defendant shall neither seek nor maintain employment or volunteer work at any location and/or activity where persons under the age of 18 congregate, without prior permission of the probation officer. Furthermore, the defendant shall not date or befriend anyone who has children under the age of 18, without prior permission of the probation officer.

The defendant shall neither possess nor have under his/her control any pornographic, sexually oriented, or sexually stimulating materials, including visual, auditory, telephonic, or electronic media, computer programs, or services. The defendant shall not patronize any place where such material or entertainment is available. The defendant shall not use any sex-related telephone numbers.

The defendant shall have no contact with the victim(s); specifically, Asma Shaukat and M.A., a minor, including by correspondence, telephone, or communication through third parties, except under circumstances approved in advance by the probation officer. The defendant shall not enter

Fahim Ahmed Khan
Request for Modification of Terms and Conditions
Case 3:15-cr-00044-D Document 1298 Filed 07/27/22 Page 6 of 8 PageID 5364

onto the premises, travel past, or loiter near the victim's residence, place of employment, or other places frequented by the victim.

The defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program, contributing to the cost of the monitoring in an amount not to exceed $40 per month.

(i)     The defendant shall consent to the probation officer conducting ongoing monitoring of his/her computer(s). The monitoring may include the installation of hardware and/or software systems which allows evaluation of computer use. The defendant shall not remove, tamper with, reverse engineer, or circumvent the software in anyway. The defendant shall only use authorized computer systems that are compatible with the software and/or hardware used by the Computer and Internet Monitoring Program. The defendant shall permit the probation officer to conduct a preliminary computer search prior to the installation of software. The monitoring software maybe disabled or removed at any time during the term of supervision at the discretion of the probation officer.

(ii)    The defendant shall submit to periodic unannounced examination of his/her computer(s), storage media, and/or other electronic or Internet-capable device performed by the probation officer at a reasonable time and in a reasonable manner based on reasonable suspicion of contraband evidence of a violation of supervision. This may include the retrieval and copying of any prohibited data and/or the removal of such system for the

        purpose of conducting a more thorough inspection. The defendant shall provide written authorization for release of information from the defendant's Internet service provider.

(iii)     The defendant shall not use any computer other than the one the defendant is authorized to use without prior approval from the probation officer.

(iv)     The defendant shall not use any software program or device designed to hide, alter, or delete records and/or logs of the defendant's computer use, Internet activities, or files stored on the defendant's computer.

(v)     The defendant shall not maintain or create a user account on any social networking site (i.e., TikTok, Instagram, MySpace.com, Facebook.com, Adultfriendfinder.com, etc.) that allows chat conversations, or instant messaging.

(vi)     The defendant shall not use or possess any gaming consoles (including, but not limited to Xbox, PlayStation, Nintendo, or similar device without permission of the Court.

(vii)     The defendant shall not use or possess a web cam or any other hardware that allows for the exchange of video or photographs online.

(viii)     The defendant shall not access any service or use any software which allows for direct peer to peer contact which may include chat rooms, file sharing, or other similar activity without permission from the probation officer.

(ix)     The defendant shall not use or own any device that allows Internet access other than authorized by the U.S. Probation Office. This includes, but is not limited to PDA's, electronic games and cellular digital telephones.

(x)     The defendant shall not engage in or utilize any service that allows peer-to-peer file sharing or file transfer protocol activity.

(xi)     The defendant shall be required to log into his authorized computer using and assigned under name (true name) and biometric user authentication.

(xii)     The defendant shall not use any computer or computer-related equipment owned by his/her employer except for the strict benefit of his employer in the performance of his/her job-related duties.

(xiii)     The defendant shall not access any Internet Service Provider account or other online service using someone else's account, name, designation, or alias.

The participant shall be monitored by the form of location monitoring indicated below for a period of until the state cases are resolved, and/or the District/Court lifts the restriction and shall

Fahim Ahmed Khan
Request for Modification of Bond Conditions or Modification of Presentence Release
Case 3:15-cr-00044-D Document 1298 Filed 07/27/22 Page 8 of 8 PageID 5366

abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program.

☐ Location monitoring technology at the discretion of the officer
☐ RF Monitoring
☒ GPS Monitoring
☐ Voice Recognition

This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (The Court must impose one of these components):

☐ You are restricted to your residence every day from _____ p.m. to _____ a.m. or ☐ as directed by the supervising officer (curfew).

☒ You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (home detention).

☐ You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the court (home incarceration).

☒ Other or Additional:  Rescind the warrant issued on June 7, 2022.

☐ File under seal until further order of the Court.

_____
The Honorable Sidney A. Fitzwater
Senior U.S. District Judge

 July 27, 2022
_____
Date

VS